UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN J. BYRNES, JR.,

                           Plaintiff,

   - against -

STEVEN BRESCIA, Mayor of the Village of Montgomery, and LINDA CANTIELLO, ROBERT "RABBIT" KIERNAN, DARLENE ANDOLSEK, and JOANN SCHEELS, Constituting the Trustees of the Village Board of the Village of Montgomery, Lt. JERRY LOMANGINO of the Village of Montgomery Police Department, and THE VILLAGE OF MONTGOMERY,

                         Defendants.
------------------------------------------------------------------X

Index No.: 08 CIV 0086 (SCR)

**VERIFIED ANSWER**

Defendants, STEVEN BRESCIA, Mayor of the Village of Montgomery, and LINDA CANTIELLO, ROBERT "RABBIT" KIERNAN, DARLENE ANDOLSEK, and JOANN SCHEELS, Constituting the Trustees of the Village Board of the Village of Montgomery, Lt. JERRY LOMANGINO of the Village of Montgomery Police Department, and THE VILLAGE OF MONTGOMERY, by their attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, hereby answer plaintiff's Verified Complaint, upon information and belief, as follows:

**JURISDICTION - VENUE**

1. Deny the truth of the allegations contained in paragraph "1" of the Verified Complaint and refer all questions of law to the Court.

2. Deny the truth of the allegations contained in paragraph "2" of the Verified Complaint and refer all questions of law to the Court.

3. Deny the truth of the allegations contained in paragraph "3" of the Verified Complaint and refer all questions of law to the Court.

4. Deny the truth of the allegations contained in paragraph "4" of the Verified Complaint and refer all questions of law to the Court.

5. Deny the truth of the allegations contained in paragraph "5" of the Verified Complaint and refer all questions of law to the Court.

6. Deny the truth of the allegations contained in paragraph "6" of the Verified Complaint and refer all questions of law to the Court.

7. Deny the truth of the allegations contained in paragraph "7" of the Verified Complaint and refer all questions of law to the Court.

## THE PARTIES

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Verified Complaint.

9. Deny the truth of the allegations contained in paragraphs "9" of the Verified Complaint except Admit that STEVEN BRESCIA, was and still is the Mayor of the Village of Montgomery; that LINDA CANTIELLO, ROBERT "RABBIT" KIERNAN, DARLENE ANDOLSEK , and JOANN SCHEELS, were and still are Trustees of the Village Board of the Village of Montgomery; and defendant Lt. JERRY LOMANGINO, was and still is a police officer.

10. Deny the truth of the allegations contained in paragraph "10" of the Verified Complaint and refer all questions of law to the Court.

11. Admits the truth of the allegations contained in paragraph "11" of the Verified Complaint and refers all questions of law to the Court.

## FACTUAL ALLEGATIONS

### Plaintiff's History Prior to Demotion

12. Deny the truth of the allegations contained in paragraph "12" of the Verified Complaint except Admit, upon information and belief, that plaintiff has been employed by the Village of Montgomery Police Department since 1983.

13. Deny the truth of the allegations contained in paragraph "13" of the Verified Complaint except Admit, upon information and belief, that plaintiff was, at various points during his employment with the Village of Montgomery Police Department, the officer in charge.

14. Deny the truth of the allegations contained in paragraph "14" of the Verified Complaint and refer all questions of law to the Court.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Verified Complaint.

16. Deny the truth of the allegations contained in paragraphs "16" of the Verified Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "17" of the Verified Complaint.

18. Deny the truth of the allegations contained in paragraph "18" of the Verified Complaint.

19. Deny the truth of the allegations contained in paragraph "19" of the Verified Complaint.

20. Deny the truth of the allegations contained in paragraph "20" of the Verified Complaint.

21. Deny the truth of the allegations contained in paragraph "21" of the Verified Complaint.

22. Deny the truth of the allegations contained in paragraph "22" of the Verified Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Verified Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Verified Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Verified Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Verified Complaint.

### Violations of HIPPA

27. Deny the truth of the allegations contained in paragraph "27" of the Verified Complaint.

28. Deny the truth of the allegations contained in paragraph "28" of the Verified Complaint.

29. Deny the truth of the allegations contained in paragraph "29" of the Verified Complaint.

### Plaintiff's Demotion

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Verified Complaint.

31. Deny the truth of the allegations contained in paragraph "31" of the Verified Complaint.

32. Deny the truth of the allegations contained in paragraph "32" of the Verified Complaint and refer all questions of law to the Court.

    a. Deny the truth of the allegations contained in paragraph "32a" of the Verified Complaint.

    b. Deny the truth of the allegations contained in paragraph "32b" of the Verified Complaint.

    c. Deny the truth of the allegations contained in paragraph "32c" of the Verified Complaint.

    d. Deny the truth of the allegations contained in paragraph "32d" of the Verified Complaint.

    e. Deny the truth of the allegations contained in paragraph "32e" of the Verified Complaint.

  f. Deny the truth of the allegations contained in paragraph "32f" of the Verified Complaint.

  g. Deny the truth of the allegations contained in paragraph "32g" of the Verified Complaint.

33. Deny the truth of the allegations contained in paragraph "33" of the Verified Complaint and refer all questions of law to the Court.

### Post-Demotion: Harassment, Slander and Libel

34. Deny the truth of the allegations contained in paragraph "34" of the Verified Complaint.

35. Deny the truth of the allegations contained in paragraph "35" of the Verified Complaint.

36. Deny the truth of the allegations contained in paragraph "36" of the Verified Complaint.

37. Deny the truth of the allegations contained in paragraph "37" of the Verified Complaint.

38. Deny the truth of the allegations contained in paragraph "38" of the Verified Complaint.

39. Deny the truth of the allegations contained in paragraph "39" of the Verified Complaint.

40. Deny the truth of the allegations contained in paragraph "40" of the Verified Complaint.

41. Deny the truth of the allegations contained in paragraph "41" of the Verified Complaint.

42. Deny the truth of the allegations contained in paragraph "42" of the Verified Complaint.

43. Deny the truth of the allegations contained in paragraph "43" of the Verified Complaint.

44. Deny the truth of the allegations contained in paragraph "44" of the Verified Complaint.

45. Deny the truth of the allegations contained in paragraph "45" of the Verified Complaint.

46. Deny the truth of the allegations contained in paragraph "46" of the Verified Complaint.

47. Deny the truth of the allegations contained in paragraph "47" of the Verified Complaint and refer all questions of law to the Court.

48. Deny the truth of the allegations contained in paragraph "48" of the Verified Complaint.

49. Deny the truth of the allegations contained in paragraph "49" of the Verified Complaint.

50. Deny the truth of the allegations contained in paragraph "50" of the Verified Complaint.

51. Deny the truth of the allegations contained in paragraph "51" of the Verified Complaint.

### AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION UNDER FEDERAL LAW ALLEGING A VIOLATION OF 28 U.S.C.§ 1331 and 42 U.S.C. § 1983

52. As and for a response to paragraph "52" of the Verified Complaint, these answering defendants repeat and reallege each and every allegation contained in paragraphs "1" through "51" above with the same force and effect as if fully set forth at length herein.

53. Deny the truth of the allegations contained in paragraph "53" of the Verified Complaint.

54. Deny the truth of the allegations contained in paragraph "54" of the Verified Complaint.

55. Deny the truth of the allegations contained in paragraph "55" of the Verified Complaint.

56. Deny the truth of the allegations contained in paragraph "56" of the Verified Complaint and refer all questions of law to the Court.

57. Deny the truth of the allegations contained in paragraph "57" of the Verified Complaint and refer all questions of law to the Court.

### AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION UNDER FEDERAL LAW ALLEGING HIPPA VIOLATIONS

58. As and for a response to paragraph "58" of the Verified Complaint, these answering defendants repeat and reallege each and every allegation contained in paragraphs "1" through "57" above with the same force and effect as if fully set forth at length herein.

59. Deny the truth of the allegations contained in paragraph "59" of the Verified Complaint.

60. Deny the truth of the allegations contained in paragraph "60" of the Verified Complaint.

### AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION UNDER STATE LAW FOR SLANDER AGAINST DEFENDANT ROBERT "RABBIT" KIERNAN

61. As and for a response to paragraph "61" of the Verified Complaint, these answering defendants repeat and reallege each and every allegation contained in paragraphs "1" through "60" above with the same force and effect as if fully set forth at length herein.

62. Deny the truth of the allegations contained in paragraph "62" of the Verified Complaint.

63. Deny the truth of the allegations contained in paragraph "63" of the Verified Complaint.

64. Deny the truth of the allegations contained in paragraph "64" of the Verified Complaint.

65. Deny the truth of the allegations contained in paragraph "65" of the Verified Complaint.

### AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION UNDER STATE LAW FOR LIBEL AGAINST DEFENDANTS ROBERT "RABBIT" KIERNAN AND LT. JERRY LOMANGINO

66. As and for a response to paragraph "66" of the Verified Complaint, these answering defendants repeat and reallege each and every allegation contained in paragraphs "1" through "65" above with the same force and effect as if fully set forth at length herein.

67. Deny the truth of the allegations contained in paragraph "67" of the Verified Complaint.

### AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION UNDER STATE LAW FOR DEFAMATION OF CHARACTER AGAINST ALL DEFENDANTS

68. As and for a response to paragraph "68" of the Verified Complaint, these answering defendants repeat and reallege each and every allegation contained in paragraphs "1" through "67" above with the same force and effect as if fully set forth at length herein.

69. Deny the truth of the allegations contained in paragraph "69" of the Verified Complaint.

### AS AND FOR A RESPONSE TO THE SIXTH CAUSE OF ACTION UNDER STATE LAW FOR MALICIOUS TERMINATION OF EMPLOYMENT AGAINST ALL DEFENDANTS

70. As and for a response to paragraph "70" of the Verified Complaint, these answering defendants repeat and reallege each and every allegation contained in paragraphs "1" through "69" above with the same force and effect as if fully set forth at length herein.

71. Deny the truth of the allegations contained in paragraph "71" of the Verified Complaint.

72. Deny the truth of the allegations contained in paragraph "72" of the Verified Complaint and refer all questions of law to the Court.

### AS AND FOR A RESPONSE TO THE SEVENTH CAUSE OF ACTION UNDER STATE LAW FOR INTENTIONAL INFLICTION OF MENTAL DISTRESS AGAINST ALL DEFENDANTS

73. As and for a response to paragraph "73" of the Verified Complaint, these answering defendants repeat and reallege each and every allegation contained in paragraphs "1" through "72" above with the same force and effect as if fully set forth at length herein.

74. Deny the truth of the allegations contained in paragraph "74" of the Verified Complaint.

75. Deny the truth of the allegations contained in paragraph "75" of the Verified Complaint and refer all questions of law to the Court.

76. Deny the truth of the allegations contained in paragraph "76" of the Verified Complaint and refer all questions of law to the Court.

77. Deny the truth of the allegations contained in paragraph "77" of the Verified Complaint.

78. Deny the truth of the allegations contained in paragraph "78" of the Verified Complaint and refer all questions of law to the Court.

### AS AND FOR A RESPONSE TO PLAINTIFF'S DEMAND FOR A JURY TRIAL

79. Defendants agree to a jury trial of all issues in this action.

### AS AND FOR A RESPONSE TO PLAINTIFF'S DEMAND FOR REQUESTED RELIEF

These answering Defendants deny all requests for relief sought by the plaintiff herein.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:

The Verified Complaint fails to state, specify or allege a cause of action upon which relief can be granted as a matter of law as against the answering defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:

At all times relevant to the acts alleged in the Verified Complaint, the named defendants, their agents and officials, acted reasonably, properly, and in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:

At all times relevant to the acts alleged in the Verified Complaint, the named defendants, their agents and officials, acted reasonably, properly, and in the lawful exercise of their discretion. Therefore, they are entitled to legislative immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:

Punitive damages cannot be recovered from the answering municipal defendants as a matter of law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:

The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are entitled to dismissal under the doctrine of qualified immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:**

Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:**

Plaintiff's conduct leading up to and during the events alleged in plaintiff's Verified Complaint, and any damages suffered by the plaintiff, whether based upon Constitutional rights or otherwise, were the result of plaintiff's culpable conduct.

**AS AND FOR THE EIGTH AFFIRMATIVE DEFENDSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:**

The individual defendants are not liable for slander and/or libel since the alleged utterances and actions constituting such allegations, to the extent any were made, were truthful.

**AS AND FOR THE NINTH AFFIRMATIVE DEFENDSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:**

The within action is barred as the plaintiff is guilty of laches.

**AS AND FOR THE TENTH AFFIRMATIVE DEFENDSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:**

The within action is barred as the plaintiff is guilty of unclean hands.

**AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENDSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:**

Plaintiff failed to exercise ordinary care to affect a cure and to prevent aggravation of the allegations and damages alleged.

### AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENDSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:

The within action is barred as the plaintiff has no property right to the position to which he claims he is entitled.

### AS AND FOR THE TWELFTH AFFIRMATIVE DEFENDSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:

If plaintiff has been injured and damaged as alleged in the complaint, such injury and damage were caused and contributed to by plaintiff's own conduct, negligence, assumption of risk, carelessness, or want of care; and, if it be determined that plaintiff is entitled to recovery herein as against these answering defendants, such recovery should be apportioned between plaintiff and these answering defendants according to its relative responsibility therefore.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:

These answering defendants specifically reserve their right to assert further affirmative defenses as are appropriate as further discovery and inspection reveals.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:

Plaintiff is unable to come forward with credible evidence that the actions of the defendants were motivated by animus or ill-will.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:

Defendants had a legitimate reason for demoting plaintiff, including failing to meet applicable performance standards.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:

Plaintiff has failed to exhaust appropriate administrative remedies.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, ANSWERING DEFENDANTS ALLEGE:

Plaintiff's alleged economic damages are entirely speculative

**WHEREFORE**, Defendants, STEVEN BRESCIA, Mayor of the Village of Montgomery, and LINDA CANTIELLO, ROBERT "RABBIT" KIERNAN, DARLENE ANDOLSEK, and JOANN SCHEELS, Constituting the Trustees of the Village Board of the Village of Montgomery, Lt. JERRY LOMANGINO of the Village of Montgomery Police Department, and THE VILLAGE OF MONTGOMERY demand judgment dismissing the Verified Complaint together with the attorneys' fees, costs and disbursements of this action.

DATED:   ELMSFORD, NEW YORK
February 15, 2008

MIRANDA SOKOLOFF, SAMBURSKY
SLONE VERVENIOTIS, LLP

_____
RICHARD S. SKLARIN (RSS-1017)
Attorneys for Defendants
STEVEN BRESCIA, Mayor of the Village of Montgomery, and LINDA CANTIELLO, ROBERT "RABBIT" KIERNAN, DARLENE ANDOLSEK, and JOANN SCHEELS, Constituting the Trustees of the Village Board of the Village of Montgomery, Lt. JERRY LOMANGINO of the Village of Montgomery Police Department, and THE VILLAGE OF MONTGOMERY
570 Taxter Road – Suite 561
Elmsford, New York 10523
(914) 345-6510
Our File No.: 08-032

TO:

EDWARD J. CARROLL, ESQ.
Attorney for Plaintiff
2733 Route 209
Kingston, New York 12401
(845) 338-5977

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York, hereby affirms:

That Affirmant is an partner of the firm of MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, the attorneys of record for the answering defendants in the within action; that Affirmant has read the foregoing Answer and knows the contents thereof; that the same is true to Affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, Affirmant believes same to be true. Affirmant further states that the reason this Verification is made by Affirmant and not by defendant is that said defendant does not reside or have an office in Westchester County wherein Affirmant maintains offices.

The grounds of Affirmant's belief as to all matters not stated upon Affirmant's knowledge are as follows:

1. Records and correspondence in Affirmant's possession.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Elmsford, New York
February 15, 2008

RICHARD S. SKLARIN (RSS-1017)